Yes, your honor. May it please the court, I'm Zachary Ayers on behalf of the appellant in this matter, Merced Zamora, and I reserve four minutes of my time. So there's a few issues in this case that Mr. Zamora raises. The first one was a Rule 29 motion in regards to count three. At the district court level, at the end of the government's case in chief, Mr. Zamora- Was it a Rule 29 motion or was it a disguised Rule 12 motion? It was not a Rule 12 motion. It was not a disguised Rule 12 motion. The reason for that is, is we were- what Mr. Zamora moved for was to dismiss it because it was missing that essential element that was a fatal flaw in the indictment, looking at Areola and DuPau. So it was not a disguised, and we do not see that as that way, in that way. So you're saying the evidence did not establish that essential element, not that the fact that the indictment failed to specify it, that would be a Rule 12 motion, but you're saying that assuming the indictment could be read to specify it or to include it, there was not sufficient evidence of it. Well, the indictment obviously didn't include it, and it was not presented to the grand jury, but at- Wait, but that's- But it didn't correct it. That would be a Rule 12 motion. Well, we're arguing that it's a Rule 29. Why is the failure of the indictment to allege an essential element a Rule 29 motion as opposed to a Rule 12 motion? Because we're arguing if the court saw it as a Rule 12, that would be a technical defect. We're stating in our brief that it is a fatal flaw to the indictment. That's what we're saying. And even it can't be corrected by the jury instructions. That's our argument based on DuPau and Areola, Your Honor. That doesn't go to the sufficiency of the evidence. That goes to the failure of the indictment to include this essential element. But the government would have to still- would still have to prove that information regardless. So why does the government have to prove something that's not in the indictment? Because the statute requires that proof. That's why. The statute of 18- I guess I'm coming back to Judge Rakoff's question, but that sounds like you've got a problem with the indictment. It was a problem with the indictment. I agree with that, Your Honor. But I'm- what we're saying is it's a Rule 29 issue, not just for the evidentiary purposes, but it is for- the indictment was not pled correctly. It's all of the above. That's why we argue that- we argue to the district court that it was not untimely and that it was still timely. The next issue, Your Honors, that I wanted to get to was the second issue I- we did not consider it a Rule 29 issue, but did consider it a Rule 12 issue. What do you say to the claim that it was an untimely Rule 12 issue? I was- well, if- to answer if it was untimely, I would disagree that it's untimely because it was not- the case had not been submitted to the jury fully yet. So Rule 20- the Rule 29 motion that I made, and if it's considered as Rule 12, was the jury had not heard, from my recollection, had not heard closing statements yet, and they had not- the case had not been submitted to the jury for determination by the point- by the time that motion was made. That's what I- what I'm- what I argue on that part. But as I read Rule 12, this is a Rule 12- it's a pretrial motion. District judge sets timeline for pretrial motions, and if you're outside the pretrial motion period, then you've got to show good cause. So help me out here. So the good cause that we were- that we were showing in that circumstance was that the government failed to state that essential fatal element that is a fatal flaw of the indictment. Yeah. That's your objection?  Yeah. So what's the good cause for failure to make the objection? The good cause would be that- if that was- if that- if that's how it was interpreted, the good cause would be that he still submitted it- one, he still submitted it before the grand jury had made its determination. Two, it was not shown before the grand jury. It was not- that indictment, the way it should have been written, was not presented to the grand jury. And so they're charging him with information with a- with a- of course, a faulty indictment at that point. That's the only information I can really give. Now, good cause ordinarily means, why didn't you make it timely? But the rule's actually written in an odd way, that the court may consider the defense objection request if the party shows good cause. It doesn't say good cause for what. If the good cause includes they screwed up, you're okay. Well that's true. If the good cause means you screwed up and you don't have an excuse, you're in trouble. I mean, it is true that the government did mess up because they're- you know, when they indict the case, they have to be complete. And going back to Areola again, 924C is all- is not two separate individual- you know, separate causes or offenses. It's one. And that's what I'm getting at. But your argument seems to be, if I understand it, that assuming good cause means you have to have an excuse for not having raised this earlier, that good cause can still be, well, it doesn't matter that we didn't raise it earlier because the case hasn't gone to the jury yet, so there's no harm in considering this issue now. Do I- that's your argument? Yes. And I would also add to that, from my recollection, the district judge was considering even some motions up until we started before the jury was even- right before the jury was even picked. There were different things that the district judge was considering throughout the trial. So I would add that to the argument as well. The other issue I wanted to bring up to the court was we argued that- we're arguing that the district court abuses discretion when it did not admit the non-hearsay statements that prevented Mr. Zamora from presenting a defense. Those statements, Mr. Zamora brought to the district court's attention that were that he told Deputy Othmer that he bought the vehicle approximately three or four days before, that he was looking for a good spot to pull over, that Deputy Othmer- that the meth- told him- or that he told Deputy Othmer that the methamphetamine was not his. He further told Deputy Othmer that it was- must have been the previous owner's and that he told Deputy Othmer that he did not know there was a gun in the vehicle. Those statements we had- we presented to the court were out- were- yes, they were out-of-court statements, but they were based upon the effect of the listener. And the reason why- Yeah, but why couldn't the district court exercising its discretion find that even if it conceivably could have some relevance to the effect on the listener, that the much greater danger was that the jury would take those for their truth, and that there would be a blatant violation of the hearsay rule. And so balancing those two alternatives, it still made sense to exclude it. I disagree with that, that it wouldn't be a blatant violation of the hearsay rule, and the reason why- It would if they were being offered for their truth. They weren't offered for the truth. Well, I understand that. But what I'm saying is, can a district court say, well, even though you have this technical ground that you think will allow these statements to come in, not for their truth, but for other purposes, I don't think, under all the facts and circumstances, that the jury can really make that distinction in this case. They are so much more likely, even if instructed otherwise, to take them for their truth, that balancing their supposed non-hearsay relevance against the substantial danger that they will be taken for a hearsay purpose, I'm going to exclude it. I don't think they would have been a danger, ultimately, in the end of the trial. The problem that we deal with in this particular situation is the district court took some statements, but not one statement, but not the rest. They're all part of a contemporaneous conversation. They all happened at the same time. The issue is, is that not only did Deputy Othmer rely on that information when they drafted the search warrant, but four years down the line when Mr. Zamora was preparing for trial, the government clearly thought those statements were important and had a downstream effect where FBI Special Agent Clark was sent out to investigate those very statements when you have him investigating the owner of the car and the person she gave the car to, and Mr. Zamora is entitled to challenge the good faith, bias, and thoroughness of the investigation, because you have a huge amount of time from 2019 when he was pulled over to when trial took place, which was in 2023. That's why it wouldn't have a damaging effect if he was allowed to present those, because it's not a blatant violation of the hearsay rule. That's what I'm getting at, Your Honor. Uh-huh. One of the other issues I wanted to bring up was the permitting of the expert testimony of Agent Wiseman. We objected to... The rule now, but not at the time of this trial, would require them, before he testified, to present all sorts of information. What did they present before trial in this case? They only presented, my understanding, was the notice of the expert. They didn't present him, put him on the stand before trial for the judge to evaluate him. What did they say he would be testifying about? To the modest operandi in the case. The problem we have is when he ultimately did testify, he didn't present any sort of evidence that was... He didn't present any testimony that was related, in the defense's view, to the evidence in the case. He talked about text messaging and ledgers and methamphetamine, but he didn't read the reports. He didn't read the search warrants. He didn't talk to the deputies. Did you ask for a Daubert hearing? I did not at the time. I did... All I asked for was a straight exclusion on at least 403 grounds and the fact that he's not going to be able to present relevant information and just bolster the... Essentially bolster the government's case and unfairly prejudice Mr. Zamora. That's what we presented at the district court level, Your Honor. At this point, the other issues that I have, I just submit on the briefing, Your Honor. Thank you. Good morning, Your Honors. May it please the court. David Herzog on behalf of the United States. I think it may be most efficient for me just to respond to some of the questions that we've heard this morning. First, with regard to the Rule 12 versus Rule 29. Your Honor's correct. This is a Rule 12 motion. It challenges the sufficiency of the indictment. So don't we have the option, even assuming it was untimely, to still consider it now? To do so, I think, would be in conflict with Dubot, the case that says they must be challenged pre-trial. Certainly, the court can, I think, exercise its discretion to consider most things in the district court... Assuming, for the sake of argument, that we felt we could consider it now. On the merits, isn't it a fatal flaw for count three? The United States' position is no. Certainly, we would agree that the indictment could have been drafted to track the statute better, but... To reflect the statute accurately? I think that's fair, Your Honor. Yes. Yeah. I mean, it's two things on both sides. We said possession of during an in-relation instead of possession of with in-furtherance or carry during an in-relation. And the indictment as written is easier to prove than the indictment as it should have been written, correct? And I would submit to the court, that's why Dubot controls. I think the reason there was no good cause shown here is that nobody caught it. I think the indictment went in, the superseding indictment went in, the Friday before trial, the defense jury instructions reflected the poorly drafted indictment. And I think not until halfway through the case did anyone, the defense counsel, recognize  But that's not responsive to the question, at least as I intended the question. As I read the indictment, it's easier to prove what's in the indictment than it would have been to prove what should have been in the indictment. I think that is, I think that's a fair characterization, Your Honor. I would also just say that the jury instructions did correct it. The court looks at the jury instructions, they reflect carried, which was proven by the facts, knowing possession of the gun in the vehicle, carried during in-relation. But I think, and that's Thongzee and Areola, right, that the defendant can knowingly convey the gun in a vehicle that is carrying, that can be during an in-relation too. So the jury was correctly instructed on this. But I think Your Honor's point gets to why you've got to raise this before trial. We would have corrected the indictment. I don't think there's any doubt that a grand jury would have returned a true bill on in furtherance of the language, the distinction between possession and furtherance of. To what degree was the sentencing affected by the fact that there was a conviction on count three compared to if there had not been? Mandatory consecutive five. The 924C carries, so his mandatory minimum sentence would have been 15 years without the 924C. With the 924C, it was 20. And that's the sentence that was imposed. So there's a real consequence here. Oh, yes, there is, Your Honor. But I would submit to the court that the other part of this is how liberally is the indictment construed when it is brought untimely? And in this case, as the court asked the questions about good cause, the original, the court's original denial said, I'm denying the motion is untimely under Rule 12, but I'm giving you the chance to renew if you can show good cause. And counsel never showed any kind of good cause for failing to bring it up. Indeed, he took the position and continues to take a position even today that it's not a Rule 12 issue, it's a Rule 29 issue. Yes, Your Honor. And I would just point the court to Judge Peterson's ruling, the district court's ruling at ER 32. She cited Wagner, a district court case out of West Virginia, sorry, the Western District of Virginia, saying, regardless of whether a challenge is stylized as a Rule 29 motion for judgment of acquittal or a Rule 12 motion to dismiss, the standard applied by the court is determined not by the title of the motion, but rather the argument within it. And the argument within it is clear here. It's a challenge to the face of the indictment. And so I think the idea here is that when the court is faced with a, certainly not a clerical error, not a technical error, the indictment could have been drafted better and should have been. But when it's faced with that kind of error that is correctable before trial, not on the merits, that's a Rule 12 motion. And this is where plain error matters, right? Because the whole point of plain error is to give the district court a chance to correct. And Judge Peterson noted in her order, look, I have to deny this. You've had notice of the allegedly flawed indictment for six weeks, something like that before trial, between the superseding indictment and trial, and nothing happened. There was neither an objection and then no good cause was shown. And so every other argument thereafter continues to work from the same platform, which is no objection made timely, no good cause shown. I assume for a moment we've got a proper indictment for count three. Help me with the evidence that would support a conviction with a properly drawn indictment as to count three. Yes, Your Honor. The drugs and guns both found in the car that Mr. Zamora and the passenger were in. There's a rifle in the trunk. The jury acquitted on that. The jury only convicted on the gun in the car itself. And so based on the quantity of the drugs with the gun, that is the evidence that the jury was able to conclude was carrying the gun during a relation to a drug crime. And I think that actually goes to the court's questions about Special Agent Wiseman, the DEA agent who testified about drug quantity, because in order for the government to prove the elements, we've got to prove distribution quantity. And that supports 924C as well. It's a drug trafficking crime. And in order to do that, the government can't get inside Mr. Zamora's brain, can't show whether he truly intended internally to traffic drugs, except for through quantity. And that's what the DEA agent testifies to, which is commonplace and happens routinely in this circuit. I'll note, in terms of the expert disclosure, the government doesn't hide the ball on that. We put the defense on notice. We're going to qualify him as an expert. We did qualify him as an expert, and he will testify to quantity and how distribution of drugs works. I think in that sense... Now, today, but this was not true then, you have to submit a lot more in terms of, you'd have to explain the methodology, you'd have to explain other times he testified, all like that. Yes, Your Honor. And we try to, even before the new version of the discovery, expert notice, we still did that, which is, he's a 20-year DEA agent in the Eastern District. He's seen a bunch of drug cases. He knows the difference between user amount and distribution amount, and all that information we gave. There's no question, under the old version of the notice requirements, that we complied with that. And, Judge Peterson specifically found, he was qualified as an expert. To the extent that my friend's argument is that it was confusing because he was just bolstering the government's case, I would submit the opposite is true. He didn't know anything about the case. All he knows is, that's the quantity of drugs per distribution. That's expert testimony, and that's proper. So, with regard to... What about the hearsay issue that your adversary is raising? Yes, Your Honor. I think Your Honor articulated the government's position pretty clearly. It's a blatant violation of the hearsay rule to get a deferred defendant to try to get into evidence, his own exculpatory statements, without facing cross-examination. That's the purpose of 801. This is an argument with the hearsay rule, I guess, rather than the argument of the answer here. Of course, he's there in the courtroom, but he didn't testify, right? That's correct. That's the issue. Yes, Your Honor. And the government would say, to the extent that the defense's argument is somehow got in the way of the defense's case because he was unable to present those statements, that's not true at all. He was perfectly capable of taking the stand and saying contemporaneously, they weren't my drugs, they were somebody else's drugs in the car, it wasn't my gun. He could have taken the stand and said that, but he doesn't want to because he knows it's objection to cross-examination. And that's Ortega from this circuit that says you can't do an end run around that hearsay. And I would also just note for the court, the way the court articulated the district court's ability to exercise its discretion to weigh the potential consideration of the hearsay statements as fact, the defense argued them as fact. At the beginning of the defense closing, the defense argument was that the one statement that did come in, which was for the effect on the listener on Othmer, the agent, the officer who heard it, that that statement was a fact. The government objected. Your Honor, that's not a fact. That's not been admitted. And the judge basically said, let's move on. But I think in this case, it articulates why the court's point is a valid one, which is once it's in, the risk of the jury wrongly considering it for its facts at the invitation of defense counsel is significant. Those are the government's responses to the arguments that have been raised today. I think the rest of it has been covered in the briefing. I'm happy to also cover any of the other issues, if that pleases the court. I think the rest of them were fairly self-explanatory. Thank you, counsel. Thank you, Your Honor. Just very briefly, Your Honors. The one statement that did get in, the district court did admit that, and the district court did allow that to be stated on closing argument. So it did actually get admitted into evidence, is my recollection from that. As to the Rule 29 motion, or if it is construed as a Rule 12 motion, the government was put on the same notice. So that's the only additional information I'd add to it. And again, I would just stress that the government admitted that the indictment could have been drafted better. Thank you, Your Honors. Thank you, counsel. This matter is submitted, and I believe we are adjourned.
judges: FLETCHER, SUNG, Rakoff